# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>            Plaintiff,<br><br>      v.<br><br>CANO, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-cv-00945-GBC PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR FEE WAIVER, MOTION FOR COURT ORDER, AND MOTION FOR PRELIMINARY INJUNCTION<br><br>(Docs. 7, 8, 9) |

**I.     Procedural History**

Plaintiff Arthur T. Bussiere ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was commenced on May 26, 2010. Currently before the Court is Plaintiff's motion for fee waiver, motion for court order, and motion for preliminary injunction, filed on June 11, 2010.[1]  (Docs. 7, 8, 9.)

**II.    Discussion**

    **A.     Motion for Fee Waiver**

Plaintiff requests a waiver of fees in order to have the service of process waived and other expenses, such as witness fees. Since Plaintiff is proceeding in forma pauperis, he is entitled to have process served on his behalf by the Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). However,

---

[1] The Magistrate Judge screened Plaintiff's complaint and found that Plaintiff had stated an Eighth Amendment claim as to Defendants Cano, Lopez, and six Does. By separate order, Plaintiff has been directed to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found cognizable in the complaint.

1

the in forma pauperis status does not provide for the payment of witness fees or travel expenses. 28 U.S.C. § 1915; Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989)  Therefore, Plaintiff's motion for a fee waiver will be denied.

### B. Motion for Court Order Regarding LibraryAccess

Plaintiff requests the Court to issue an order forcing the library to allow him to make copies of legal materials and to "comply with all of [Plaintiff's] requests for access to the law [library] and case law as well as to make all photocopies of legal documents for [Plaintiff] in this case." (Doc. 8.) The Prison Litigation Reform Act places limitations on injunctive relief.  Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff alleges that he has been unable to obtain copies of his complaint to have Defendants served, however, as set forth in the Court's First Informational Order, the Marshal will be directed to initiate service of process only after Plaintiff's complaint has been screened and found to state cognizable claims for relief.  28 U.S.C. § 1915A; Doc. 3, First Informational Order, ¶12.  Plaintiff's complaint does not state a cognizable claim arising out lack of access to the law library or limited access to photocopies.  In the absence of a viable claim based on the lack of access to the law library, Plaintiff may not seek an injunction mandating the law library allow him access.[2]  18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149-50 (2009) (citation omitted) Price v. City of Stockton, 390 F.3d 1105, 1112 (9th Cir. 2004).  Accordingly, Plaintiff's motion for a court order is denied.

### C. Motion for Preliminary Injunction

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

---

[2] In addition, CDCR itself is immune from suit.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

2

is incarcerated at Pleasant Valley State Prison, where the incidents alleged in the complaint occurred. In June 1995, Plaintiff was arrested on sexual assault charges in New Hampshire. The district attorney did not prosecute him on the charges. (Doc. 1, Comp., ¶ 1.) In 1997, Plaintiff was sentenced to sixteen years to life on a second degree murder charge in San Diego, California. (Id., ¶ 1.)

On August 10, 2001, Plaintiff arrived at Pleasant Valley State Prison. Due to the prior arrest in 1995, Plaintiff was given a classification code "R", which designates an inmate with a history of sex crimes. Defendants Cano and six unknown committee members refused to remove the "R" suffix, which Plaintiff contends is erroneously placed in his file. Plaintiff contested the designation. (Id., ¶ 3.) Plaintiff alleges it is common knowledge within the prison that an inmate cannot stay on the yard unless he allows other inmates to view his classification chrono and an inmate in the general population will be stabbed and assaulted if he is given an "R" suffix. Defendants Cano and six unknown committee members released Plaintiff into the general population knowing his safety would be threatened. (Id., ¶ 4.) Plaintiff contends that on November 21, 2009, and January 3, 2010, he was battered by other inmates because they found out about the "R" suffix. Plaintiff filed a motion for an injunction on June 11, 2009, requesting the "R" suffix be removed from his prison file during the pendency of this action.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be

fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted). In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, as discussed above..

At this stage in the action the Court cannot make a finding that Plaintiff is likely to prevail on the merits of his claim that the "R" suffix was applied with deliberate indifference. Since it appears this designated occurred around 2001 and this suit was not filed until May 26, 2010, the claim may be barred by the statute of limitations.[3] Additionally, Title 15 states that "inmates with records of arrest, detention, or charge of any offenses listed in PC section 290, shall appear before a classification committee to determine the need to affix an "R" suffix to the inmate's custody designation. The committee shall consider the arrest reports and district attorney's comments related to each arrest." Cal. Code Regs., tit. 15 § 3377.1(b)(3). Since Plaintiff's complaint alleges that he was arrested on sexual assault charges, it does not appear that the suffix was erroneously applied.

It also does not appear that Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff alleges that the "R" suffix was erroneously placed on him in 2001. Plaintiff alleges that he was attacked on two separate dates that are approximately eight years later. Additionally, after these incidents Plaintiff was rehoused due to safety concerns. (Doc. 1, p. 29.)

Plaintiff complains that the "R" suffix places him at risk of harm and requests that the suffix be removed from his prison record. However, if Plaintiff was placed back in the general population

---

[3] Federal law determines when a claim accrues, and "under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions requires that the claim be filed within 2 years. Cal. Code Civ. Proc. § 335.1: Jones, 393 F.3d at 927.. Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:
   (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335),
   is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under
   the sentence of a criminal court for a term less than for life, the time of that disability is not a part
   of the time limited for the commencement of the action, not to exceed two years.
Thus, incarcerated plaintiffs have four years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated.

4

the removal of the "R" suffix will not change the fact that some inmates are allegedly aware that Plaintiff was categorized as a sex offender. The Court must balance Plaintiff's concerns with the prison's legitimate interest maintaining institution security. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Given that Plaintiff is being housed in a manner to protect him from harm, his interest in having the designation removed does not outweigh the prisons interest in security.

The public interest in having Plaintiff properly categorized would weigh in favor of Plaintiff. However, since Plaintiff is unlikely to prevail on the merits of his claim, does not appear to be likely to suffer from irreparable harm, and the equities balance in favor of Defendants, the motion for preliminary injunction will be denied.

**III.  Conclusion and Order**

Accordingly, based on the foregoing, the Court IT IS HEREBY ORDERED that:

1. Plaintiff's motion for fee waiver, filed June 11, 2010, be DENIED;

2. Plaintiff's motion for court order, filed June 11, 2010, be DENIED; and

3 Plaintiff's motion for a preliminary injunction, filed June 11, 2010, be DENIED..

IT IS SO ORDERED.

Dated:    December 27, 2010

UNITED STATES MAGISTRATE JUDGE