# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>　　　　Plaintiff,<br>　v.<br>CANO, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO.   1:10-cv-00945-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING GRANTING DEFENDANT CANO'S MOTION TO DISMISS<br><br>(ECF No. 28)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**FINDINGS AND RECOMMENDATION**

**I.     PROCEDURAL HISTORY**

Plaintiff Arthur T. Bussiere ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 26, 2010. (ECF No. 1.)

This action proceeds on Plaintiff's Complaint against Defendants Cano and Lopez for deliberate indifference in violation of the Eighth Amendment. (ECF Nos. 13 & 16.) Pending before the Court is Defendant Cano's Motion to Dismiss for failure to file suit within the applicable statute of limitations. (ECF No. 28.) Plaintiff filed his response on June 30, 2011. (ECF No. 33.) No reply was filed.

## II. **PLAINTIFF'S COMPLAINT SUMMARY**

Plaintiff states that he was arrested for a sexual assault in a different state, but that he was not prosecuted. In California, Plaintiff was sentenced to sixteen years to life for second degree murder.

On August 10, 2001, Plaintiff arrived at Pleasant Valley State Prison. Plaintiff states that Defendant Cano erroneously placed an "R" designation on his custody status. The "R" designation is used to identify inmates who have a history of sex offenses. This change in his status endangered his safety because inmates identified as sex offenders are likely to be assaulted. Plaintiff states that Cano was aware of this danger. Plaintiff was then released to the general population. Plaintiff was assaulted on November 21, 2009 and twice on January 10, 2010 because of the "R" designation.

## III. **ARGUMENTS**

Defendant Cano argues that the action should be dismissed because Plaintiff did not file suit within the applicable statute of limitations. Defendant states that, pursuant to Section 335.1 of the California Code of Civil Procedure, Plaintiff's claims are subject a two year time limitation. Defendant further states that Plaintiff is also entitled to an additional two years of statutory tolling, Cal.Civ.Proc.Code § 352.1(a), for a total of four years within which Plaintiff had to file suit.

Defendant Cano states that Plaintiff appeared before him for a classification hearing on July 23, 2003. Defendant states that this hearing in 2003 was the first time Plaintiff was before him. Taking Plaintiff's claim that Defendant Cano changed Plaintiff's status as true, the July 23, 2003 hearing would have been when the change occurred. The change in designation would begin the statute of limitations clock ticking for an action against

Defendant Cano. Defendant Cano states that to file within the time period, Plaintiff would have had to file this action by 2007. However, Plaintiff filed this action May 26, 2010, which is well beyond the expiration of the statute of limitations.

The majority of Plaintiff's arguments do not address the statute of limitations argument. However, Plaintiff does state that he had to suffer physical harm before he could file a civil action.

## IV.  LEGAL STANDARDS AND ANALYSIS

### A.  Motion to Dismiss Standard

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion

and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, rehearing denied, 396 U.S. 869 (1969).  The Court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'"  National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the Court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The Court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

### B.   Statute of Limitations Standard

"Actions brought pursuant to 42 U.S.C. § 1983 are governed by the state statutes of limitations for personal injury actions." Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000) (citing Wilson v. Garcia, 471 U.S. 261, 275 (1985)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), cert. denied, 529 U.S. 1117 (2000).  In California, there is a two-year statute of limitations in Section 1983 cases. See Cal.Civ.Proc.Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions.").

"Federal courts also apply a forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law." See Hardin v. Straub, 490 U.S. 536, 537–39 (1989). Pursuant to California Civil Procedure Code § 352.1(a), a prisoner serving a term of less than life is entitled to the two-year tolling provision before the commencement of the statute of limitations for bringing a civil rights action.

**C.     Analysis**

Being that Plaintiff states that he was sentenced to sixteen years to life, the Court finds that he is entitled to the two-year statutory tolling. Beard v. Lucio, 2009 WL 393016, *2 (C.D.Cal. 2009) (inmate sentenced to life term with possibility of parole entitled to statutory tolling) (citing Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998)).

The Court takes as true Plaintiff's allegation that the "R" designation was added to Plaintiff's status by Defendant Cano. Defendant Cano's first encounter with Plaintiff was on July 23, 2003. Afterwards, Plaintiff alleges, Defendant Cano was deliberately indifferent to Plaintiff's safety by placing him back in the general population with the "R" designation.

The Court finds that Plaintiff's cause of action as to Defendant Cano accrued during that July 23, 2003 classification committee hearing. On the date of the hearing, Plaintiff was "injured" or at least became aware of his "injury."

Plaintiff's argument that he had to suffer a physical injury is incorrect. He cites no authority and the Court is aware of none that supports that theory. Plaintiff's initial "injury" was the "R" designation and then release back to the general population.

Plaintiff's statute of limitations' clock as to a claim against Defendant Cano began ticking on July 23, 2003. As noted above, Plaintiff had four years from that date to commence this action. Plaintiff failed to bring suit within the proper time period. Thus, the

Court finds that Plaintiff failed to bring this action against Defendant Cano within the applicable statute of limitations' time period.

## V.     CONCLUSION AND ORDER

Accordingly, the Court HEREBY RECOMMENDS that Defendant Cano's Motion to Dismiss be GRANTED and that Plaintiff's claim against Defendant Cano be DISMISSED WITH PREJUDICE for failure to abide by applicable time limitations.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     September 1, 2011

UNITED STATES MAGISTRATE JUDGE