# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>        Plaintiff,<br>  v.<br>CANO, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:10-cv-00945-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 37)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.     PROCEDURAL HISTORY**

Plaintiff Arthur T. Bussiere ("Plaintiff") is a state prisoner and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 26, 2010.  (ECF No. 1.)  This action proceeds on Plaintiff's Complaint against Defendants Cano and Lopez for deliberate indifference in violation of the Eighth Amendment.  (ECF Nos. 13 & 16.)

Pending before the Court is Plaintiff's Motion for Injunctive Relief filed August 25, 2011.  (ECF No. 37.)

///

1

## II. **LEGAL STANDARDS**

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives Winter and continues to be valid. Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010). Under this sliding scale, the elements of the preliminary injunction test are balanced. As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## III. **ANALYSIS**

In the his Motion, Plaintiff states that he is being harassed by CDCR by being repeatedly moved from building to building at his current facility. Plaintiff states that the moving has hindered him from filing motions and also from receiving things from the Court. Plaintiff also states that he has been housed in places where he cannot use his electric

typewriter and that his law library access has been curtailed.  Plaintiff then makes several requests including copies of certain filings, an order requiring CDCR to house him in a specific place, that he have law library access, that his legal mail be delivered timely, among others.

The Court finds that, at this stage in the proceedings, Plaintiff fails to meet the legal standards required to be granted injunctive relief.  To succeed on such motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Plaintiff has not addressed any of the legal requirements to meet the standard.  He does not state anything about the merits of this action, does not refer to any irreparable harm, the balance of equities or the public good.  The Court also notes that CDCR is not a Defendant in this action, thus, the Court does not have jurisdiction over it.

The Court also notes the following in response to several of Plaintiff's concerns: there are no pending deadlines for Plaintiff at the present time, thus library access is not necessary; handwritten pleadings are accepted as long as they are legible, thus, ability to use a typewriter is not necessary; Defendant Lopez's waiver of service was returned executed the day after Plaintiff filed the present motion, which is why he had not yet received a copy; and Defendant Cano did not file a reply to Plaintiff's Opposition to his Motion to Dismiss.

**IV.     CONCLUSION**

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for Injunctive Relief be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:    September 2, 2011

UNITED STATES MAGISTRATE JUDGE