UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CANO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.　1:10-cv-00945-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 49) |

　　　　Plaintiff Arthur T. Bussiere ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 26, 2010.  (ECF No. 1.)  This action proceeds on Plaintiff's Complaint against Defendants Cano[1] and Lopez for deliberate indifference in violation of the Eighth Amendment.  (ECF Nos. 13 & 16.)

　　　　Pending before the Court is Plaintiff's Motion to Compel filed September 14, 2011.  (ECF No. 49.)

　　　　The discovery phase of this action opened upon the Answer filed by Defendant Lopez on August 25, 2011.  (ECF No. 38.)  The Discovery and Scheduling Order was

---

[1]  Currently pending is a Findings and Recommendation recommending that Defendant Cano be dismissed from this action.  (ECF No. 46.)

issued on August 31, 2011. (ECF No. 45.) Discovery is self-executing until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Interrogatories, requests for admissions, requests for production of documents, and responses thereto shall not be filed with the court until there is a proceeding in which the document or proof of service is at issue. Such documents are to be served on the opposing party, and not with the court. Local Rule 250.2 through 250-5.

Plaintiff must first request discovery from Defendants and if Defendants fail to make a disclosure required by Rule 26(a) of the Federal Rules of Civil Procedure, then Plaintiff may seek a motion to compel. See Fed. R. Civ. P. 37(a)(1) & (a)(3)(A).

Accordingly, Plaintiff's Motion to Compel is DENIED as premature, and possibly, unnecessary.

IT IS SO ORDERED.

Dated: September 15, 2011

UNITED STATES MAGISTRATE JUDGE