UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE, | CASE NO. 1:10-cv-00945-AWI-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| CANO, et al., | (ECF No. 52) |
| Defendants. | |

Plaintiff Arthur T. Bussiere ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 26, 2010. (ECF No. 1.) This action proceeds on Plaintiff's Complaint against Defendants Cano[1] and Lopez for deliberate indifference in violation of the Eighth Amendment. (ECF Nos. 13 & 16.)

Pending before the Court is Plaintiff's Motion for Court Order, filed September 16, 2011. (ECF No. 52.)

The discovery phase of this action opened upon the Answer filed by Defendant Lopez on August 25, 2011. (ECF No. 38.) The Discovery and Scheduling Order was

---

[1] Currently pending is a Findings and Recommendation recommending that Defendant Cano be dismissed from this action. (ECF No. 46.)

issued on August 31, 2011.  (ECF No. 45.)

Discovery is self-executing until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Interrogatories, requests for admissions, requests for production of documents, and responses thereto shall not be filed with the court until there is a proceeding in which the document or proof of service is at issue.  Such documents are to be served on the opposing party, and not with the court.  Local Rules 250.2-250.5.

Plaintiff must first request discovery from Defendants and if Defendants fail to make a disclosure required by Rule 26(a) of the Federal Rules of Civil Procedure, then Plaintiff may seek a motion to compel.  See Fed. R. Civ. P. 37(a)(1) & (a)(3)(A).  In addition, Plaintiff may request issuance of subpoenas from the Clerk of Court pursuant to Rule 45(a)(3).  Plaintiff must first serve the subpoenas, and if the subpoenaed parties do not comply, then Plaintiff may file a motion to compel those parties to comply with the subpoenas.

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from non-parties, and to service of the subpoena by the United States Marshal.  Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents.  Fed. R. Civ. P. 34.  If Plaintiff wishes to make a request for the issuance of a records subpoena, he may file a motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only

1 obtainable through that third party.

2 Plaintiff does not state that he attempted to obtain these documents from Defendants. He provides no indication that he submitted a request for production of documents to Defendants.[2] Plaintiff must follow the directives in this Order and he will be entitled to the issuance of a subpoena duces tecum only if the requirements set forth herein are satisfied.

Accordingly, Plaintiff's Motion to Compel is DENIED.

IT IS SO ORDERED.

Dated: September 28, 2011

UNITED STATES MAGISTRATE JUDGE

---

[2] If Defendant objects to Plaintiff's document production request, a motion to compel is the next required step. If the Court rules that the documents are discoverable but Defendant does not have care, custody, and control of them, Plaintiff may then seek a records subpoena. If the Court rules that the documents are not discoverable, the inquiry ends.