1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ARTHUR T. BUSSIERE,                     CASE  NO.  1:10-cv-00945-AWI-GBC  (PC)

           Plaintiff,               ORDER ADOPTING FINDINGS AND ORDER
                                        GRANTING DEFENDANT'S MOTION TO
v.                                      DISMISS

CANO, et al.,                           (ECF No. 28 & 46)

           Defendant.

_____/

## **ORDER**

    Plaintiff Arthur T. Bussiere ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On September 1, 2011, the Magistrate Judge filed a Findings and Recommendation recommending that Defendant Cano's Motion to Dismiss for failure file suit within the applicable statute of limitations be granted and Defendant Cano be dismissed from this action. (ECF No. 46.) On October 4, 2011, Plaintiff filed his Objections to the Findings and Recommendation.  (ECF No. 55.)

    In his Objections, Plaintiff reiterates the arguments made in his opposition, most of

which do not apply to the statute of limitations claim.  Plaintiff again claims that he had to be injured before he could file suit.   Plaintiff is incorrect.   In order to establish an Eighth Amendment violation, a plaintiff must objectively show that he was deprived of something sufficiently serious and then subjectively show that the deprivation occurred with deliberate indifference to the inmate's  safety.   Farmer v. Brennan, 511 U.S. 825, 834-87 (1994); Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009).   An Eighth Amendment deliberate indifference claim can be based on the threat of future harm.  Helling v. McKinney, 509 U.S. 25, 32–35 (1993);  Baptiste v. Dunn, 2011 WL 3647909, at *1 (9th Cir. 2011). The United States Supreme Court has "recognized that a remedy for unsafe conditions need not await a tragic event."   Helling, 509 U.S. at 33.    Where an actual injury has yet to occur, the plaintiff's burden is to show that his future safety is unreasonably endangered, "that it is contrary to current standards of decency for anyone to be so exposed against his will, and that prison officials are deliberately indifferent to his plight."  Helling, 509 U.S. at 33–35;  Rodriguez v. Isaac, 2011 WL 4971865, at *6 (E.D.Cal. Oct. 19, 2011).    Thus, Plaintiff's statute of limitations began to run when he was placed in risk of injury and Defendants were deliberately indifferent to Plaintiff's risk of injury.   The court agrees with the Magistrate Judge that this occurred when Plaintiff was given the "R" designation.

As the Magistrate Judge explained in the Findings and Recommendation, this Section 1983 action is governed by California's two-year state statutes of limitations for personal injury actions plus an additional two years for tolling.[1]   This means that Plaintiff

---

[1]  "Actions brought pursuant to 42 U.S.C. § 1983 are governed by the state statutes of limitations for personal injury actions."  Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000) (citing Wilson v. Garcia, 471 U.S. 261, 275 (1985)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), cert. denied, 529 U.S. 1117 (2000).  In California, there is a two-year statute of limitations in Section 1983 cases.  See Cal.Civ.Proc.Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Jones v.

was entitled to four years from the date Defendant Cano placed the "R" designation on Plaintiff, July 23, 2003—Plaintiff's injury.  Plaintiff did not bring this action until May 2010. (ECF No. 1.)  Therefore, the Court finds that Plaintiff failed to bring suit against Defendant Cano within the applicable statute of limitations time period.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 305, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendation to be supported by the record and by proper analysis.  Thus, the Motion to Dismiss is granted and Plaintiff's Complaint is dismissed without prejudice.

Accordingly,  IT IS HEREBY ORDERED that:

1.    The Findings and Recommendation, filed September 1, 2011, is adopted in full;

2.    All claims against Defendant Cano are DISMISSED WITH PREJUDICE; and

3.    Defendant Cano is DISMISSED from this action.

IT IS SO ORDERED.

Dated:    February 10, 2012

CHIEF UNITED STATES DISTRICT JUDGE

Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."). "Federal courts also apply a forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law."  See Hardin v. Straub, 490 U.S. 536, 537–39 (1989).  Pursuant to California Civil Procedure Code § 352.1(a), a prisoner serving a term of less than life is entitled to the two-year tolling provision before the commencement of the statute of limitations for bringing a civil rights action.

3