# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CANO, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:10-cv-00945-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>Doc. 62<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History and Allegations in Plaintiff's Complaint**

On May 26, 2010, Plaintiff Arthur T. Bussiere ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Pl. Compl., Doc. 1. In Plaintiff's complaint, he states that in June 1995, Plaintiff was arrested on sexual assault charges in New Hampshire, but the district attorney did not prosecute him on the charges. *Id.* at 5, Doc. 1. In 1997, Plaintiff was sentenced to sixteen years to life on a second degree murder charge in San Diego, California. *Id.* On August 10, 2001, Plaintiff arrived at Pleasant Valley State Prison ("PVSP").[1] *Id.* Due to the prior arrest in 1995, Plaintiff was given a classification code "R", which designates an inmate with a history of sex crimes. *Id.* Defendants Cano and six unknown committee members refused to remove the "R" suffix, which Plaintiff contends is erroneously placed in his file.

---

[1] Plaintiff is currently held at California Substance Abuse Treatment Facility in Corcoran, California.

*Id.* Defendants Cano and six unknown committee members released Plaintiff into the general population knowing his safety would be threatened. *Id.* On November 21, 2009, Plaintiff's cell mate assaulted him because of the "R" designation. *Id.* at 6. On January 3, 2010, Defendant Lopez opened his cell door, alleging Plaintiff had a medical appointment, and at the same time opened the cell door of another inmate who then assaulted Plaintiff. *Id.* Defendant Lopez subsequently witnessed another inmate assaulting Plaintiff again, later that same day. *Id.*

In Plaintiff's complaint, he seeks to have the "R" suffix removed from his file, medical and mental health care for life, and compensatory and punitive damages in the amount of $2,000,000. *Id.* at 12-13. On December 28, 2010, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of willingness to proceed on his a cognizable claims against Defendant Cano and Six Doe Defendants[2] for Eighth Amendment deliberate indifference to safety and against Defendant Lopez ("Defendant") for Eighth Amendment failure to protect. Doc. 13. On January 11, 2011, Plaintiff notified the Court of his willingness to proceed on his cognizable claims. Doc. 16. On January 24, 2011, the Court issued a second informational order, advising Plaintiff that Defendants may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 19.

On June 1, 2011, Defendant Cano filed a motion to dismiss, alleging Plaintiff's 2003 claims[3] against Defendant Cano are barred by the statute of limitations. Doc. 28. On November 7, 2011, Defendant Lopez filed a motion to dismiss for failure to exhaust administrative remedies. Doc. 62. On December 2, 2011, Plaintiff filed an opposition to Defendant Lopez's motion to dismiss. Doc. 68. On December 13, 2011, Defendant Lopez filed a reply to Plaintiff's opposition. Doc. 69. On

---

[2] The six unknown committee members.

[3] In Defendant Cano's motion to dismiss, he clarified that on July 23, 2003, Plaintiff first appeared before Defendant Cano for a classification hearing. Def. Cano. Mot. Dismiss at 2 & Ex. A, Doc. 28. Therefore, Plaintiff's claims against Defendant Cano originated in 2003, not 2001, as Plaintiff alleged in his complaint. Pl. Compl. at 5, Doc. 1.

January 9, 2012, Plaintiff filed a sur-reply. Doc. 70.[4] On February 9, 2012, Plaintiff filed a motion to amend his complaint, regarding the 2003 claims against the Six Doe Defendants. Doc. 75. On February 10, 2012, the Court adopted findings and recommendations and dismissed Plaintiff's 2003 claims against Defendant Cano, as barred by the statute of limitations. Doc. 77.[5] Pursuant to Local Rule 230(l), Defendant Lopez's motion to dismiss for failure to exhaust administrative remedies is submitted on the record without oral argument.

**II. Defendant Lopez's Motion to Dismiss for Failure to Exhaust Administrative Remedies**

**A. Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 435 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging

---

[4] The Court will not consider the content of Plaintiff's sur-reply, since filing a "sur-reply" is a violation of Local Rule 220.

[5] Since Plaintiff's 2003 claims against Defendant Cano were in conjunction with the claims against the Six Doe Defendants, those claims would also necessarily be barred by the statute of limitations. *See* Screening Order, Doc. 13; Findings and Recommendations, Doc. 46, & Order Adopting Findings and Recommendations, Doc. 77.

misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[6] working days from the date the administrative decision or action being complained of, and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed more than fifteen working days after deadline).

Non-exhaustion under § 1997e(a) is an affirmative defense, which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

### B. Analysis

Plaintiff did not file a staff complaint regarding his allegations that on January 3, 2010, Defendant Lopez failed to protect him from being assaulted by another inmate. *See* Def. Mot. Dismiss, Decl. Foston ¶¶ 6-7, Doc. 62-2; Decl. Morgan ¶¶ 3-6, Doc. 62-2, *see also* Record of Plaintiff Inmate Appeals, Def. Ex. A & B, Doc. 62-2. *Cf.* Pl. Resp. at 24-38, Doc. 68 (Copies Plaintiff's staff complaints.) Although Plaintiff has filed numerous inmate appeals since 2002, Plaintiff did not file a grievance regarding his allegations that on January 3, 2010, Defendant Lopez failed to protect him from being assaulted by another inmate. *See id.*

---

[6] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

A complaint that an officer permitted one inmate to assault another inmate would be considered a "staff complaint." Def. Mot. Dismiss, Decl. Morgan ¶ 3, Doc. 62-2. In addition to the files kept of administrative appeals, staff complaints are also maintained in a filing system under the name of the accused officer. *Id.* ¶ 4. Both filing systems were examined by the PVSP Appeals Coordinator and there were no records related to Plaintiff's claim that Defendant Lopez failed to protect him from being assaulted by other inmates. *Id.* ¶ 5. A computer printout of Plaintiff's administrative appeals from PVSP shows that Plaintiff did not file any appeals between November 3, 2009 and March 11, 2010. *See* Def. Mot. Dismiss, Record of Plaintiff Inmate Appeals, Def. Ex. B, Doc. 62-2.

In Plaintiff's response, he contends that he did submit inmate appeals and attached copies of inmate appeals in support of his argument. *See* Pl. Resp., Doc. 68. However, the inmate appeals Plaintiff attached refer to complaints about the Americans with Disabilities Act ("ADA"), a medical claim, and loss of personal property. *See* Pl. Resp. at 24-38. None of these appeals involve a complaint that Defendant Lopez failed to protect Plaintiff from being assaulted by another inmate.

For purposes of the PLRA's exhaustion requirement, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Ultimately, a grievance must "provide enough information . . . to allow prison officials to take appropriate responsive measures." *Id.* at 1121. Plaintiff's appeals regarding the ADA, a medical claim, and loss of personal property did not alert the prison officials of the pending claims in this civil action, pursuant to *Griffin* and the PLRA.

In *Ngo*, the Supreme Court held that full and "proper exhaustion of administrative remedies is necessary." *Id.* at 84. While the Supreme Court recognized that this may be harsh, it noted that pro se prisoners who litigate in federal court will likewise be "forced to comply with numerous unforgiving deadlines and other procedural requirements." *Id.* at 103. The Supreme Court recognized that this will prevent certain prisoner cases from proceeding, but notes that a "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85.

There is no record before this Court that Plaintiff filed a grievance with respect to his allegations that on January 3, 2010, Defendant Lopez failed to protect him from being assaulted by another inmate. Thus, Plaintiff failed to exhaust all his mandatory administrative remedies against Defendant Lopez prior to initiating this action, which requires mandatory dismissal, in accordance with § 1997e(a) and *Ngo*.

### III. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Lopez's motion to dismiss, filed November 7, 2011, is GRANTED;

2. This action is DISMISSED, without prejudice, for Plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a); and

3. The Clerk of the Court is directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 5, 2012                                                       
                                            UNITED STATES MAGISTRATE JUDGE