**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>           Plaintiff,<br><br>   v.<br><br>CANO, et al.,<br><br>           Defendants.<br>_____ / | CASE NO. 1:10-cv-00945-AWI-GBC (PC)<br><br>ORDER PROVIDING PLAINTIFF OPTION TO (1) STAND ON EXISTING OPPOSITION OR (2) FILE AMENDED OPPOSITION PER SEPARATELY-ISSUED AMENDED SECOND INFORMATIONAL ORDER AND NOTICE<br><br>Doc. 68<br><br>TWENTY-ONE DAY DEADLINE |

**I. Procedural History and Plaintiff's Complaint**

On May 26, 2010, Plaintiff Arthur T. Bussiere ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

In Plaintiff's complaint,[1] he states that in June 1995, he was arrested on sexual assault charges in New Hampshire, but the district attorney did not prosecute him on the charges. Compl. at 5, Doc. 1. In 1997, Plaintiff was sentenced to sixteen years to life on a second degree murder charge in San Diego, California. *Id.* On August 10, 2001, Plaintiff arrived at Pleasant Valley State Prison ("PVSP").[2] *Id.* Due to the prior arrest in 1995, Plaintiff was given a classification code "R", which designates an inmate with a history of sex crimes. *Id.* Defendants Cano and six unknown

---

[1] The allegations in Plaintiff's complaint are relevant to explain the long procedural history in this case.

[2] Plaintiff is currently held at California Substance Abuse Treatment Facility in Corcoran, California.

committee members refused to remove the "R" suffix, which Plaintiff contends is erroneously placed in his file. *Id.* Defendants Cano and six unknown committee members released Plaintiff into the general population knowing his safety would be threatened. *Id.* On November 21, 2009, Plaintiff's cell mate assaulted him because of the "R" designation. *Id.* at 6. On January 3, 2010, Defendant Lopez opened his cell door, alleging Plaintiff had a medical appointment, and at the same time opened the cell door of another inmate who then assaulted Plaintiff. *Id.* Defendant Lopez subsequently witnessed another inmate assaulting Plaintiff again, later that same day. *Id.* On January 11, 2011, Plaintiff notified the Court of his willingness to proceed on his a cognizable claims against Defendant Cano and Six Doe Defendants[3] for Eighth Amendment deliberate indifference to safety and against Defendant Lopez ("Defendant") for Eighth Amendment failure to protect. Docs. 13, 16.

On January 24, 2011, the Court issued a second informational order, advising Plaintiff that Defendants may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 19. On June 1, 2011, Defendant Cano filed a motion to dismiss, alleging Plaintiff's 2003 claims[4] against Defendant Cano were barred by the statute of limitations. Doc. 28. On November 7, 2011, Defendant Lopez filed a Motion to Dismiss for failure to exhaust administrative remedies. Doc. 62. On December 2, 2011, Plaintiff filed an Opposition to Defendant Lopez's motion to dismiss. Doc. 68. On December 13, 2011, Defendant Lopez filed a Reply to Plaintiff's opposition. Doc. 69. On January 9, 2012, Plaintiff filed a Sur-Reply. Doc. 70. On February 9, 2012, Plaintiff filed a motion to amend his complaint, regarding the 2003 claims against the Six Doe Defendants. Doc. 75. On February 10, 2012, the Court adopted findings and recommendations and dismissed Plaintiff's 2003 claims against Defendant Cano, as barred by the statute of limitations. Doc. 77. On March 5, 2012, the Court issued Findings

---

[3] The six unknown committee members.

[4] In Defendant Cano's motion to dismiss, he clarified that on July 23, 2003, Plaintiff first appeared before Defendant Cano for a classification hearing. Def. Cano. Mot. Dismiss at 2 & Ex. A, Doc. 28. Therefore, Plaintiff's claims against Defendant Cano originated in 2003, not 2001, as Plaintiff alleged in his complaint. Pl. Compl. at 5, Doc. 1.

and Recommendations, recommending granting the remaining Defendant's motion to dismiss, for failure to exhaust administrative remedies. Doc. 81. On March 23, 2012, Plaintiff filed Objections. Doc. 84. On May 29, 2012, Plaintiff filed an Addendum to Objections. Doc. 90. On June 5, 2012, Defendant Lopez filed a Motion to Strike Plaintiff's Addendum to Objections. Doc. 91. On June 11, 2012, Plaintiff filed a Second Addendum to Objections. Doc. 92. On June 18, 2012, Plaintiff filed an Opposition to Defendant Lopez's Motion to Strike. Doc. 94.

## II. *Woods v. Carey* and Contemporaneous Notice

On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for opposing a defendant's motion to dismiss should be issued contemporaneously when a defendant files a motion to dismiss, as opposed to a year or more in advance. *Woods v. Carey*, 2012 WL 2626912, at * 4 (9th Cir. Jul. 6, 2012). On January 24, 2011, this Court issued a second informational order, containing the notice and warning of requirements for opposing a defendant's motion to dismiss to Plaintiff. Doc. 19. On November 7, 2011, Defendant Lopez filed a motion to dismiss. Doc. 62. In order to address the time delay between providing notice and the filing of defendant's motion, the Court issued an amended second informational order to Plaintiff, in accordance with *Woods*. The Court notified Plaintiff of the rights and requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to *Woods* and *Wyatt*, 315 F.3d at 1108.

## III. Order Providing Plaintiff Option to (1) Stand on Existing Opposition or (2) File Amended Opposition Per Amended Second Informational Order and Notice

In light of the separately-issued amended second informational order and notice pursuant to *Woods*, the Court will provide Plaintiff with two options upon receipt of the notice and this order. Plaintiff may either (1) <u>stand</u> on his previously-filed opposition or (2) <u>withdraw</u> the existing opposition and <u>file an amended</u> opposition.

//
//
//
//

Accordingly, it is HEREBY ORDERED that:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff may elect to:

    a. <u>Stand</u> on his existing opposition already submitted to the Court; or

    b. <u>Withdraw</u> his opposition and <u>file an amended</u> opposition;

2. If Plaintiff does not elect to file an amended opposition in response to this order within **twenty-one (21) days**, the Court will consider his existing opposition in resolving Defendant's motion to dismiss;

3. If Plaintiff elects to file an amended opposition, the Court will not consider Defendant's existing reply; and

4. Defendant may file an amended reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

Dated:   July 18, 2012

_____
UNITED STATES MAGISTRATE JUDGE