1

2     # UNITED STATES DISTRICT COURT

3     ## EASTERN DISTRICT OF CALIFORNIA

4

5     ARTHUR T. BUSSIERE,                          CASE NO.  1:10-cv-00945-AWI-GBC (PC)

6              Plaintiff,                          **AMENDED SECOND INFORMATIONAL
                                                   ORDER AND NOTICE AND WARNING OF
                                                   REQUIREMENTS FOR OPPOSING
7        v.                                        DEFENDANT'S MOTION TO DISMISS**

8     CANO, et al.,                                Docs. 19, 62

9              Defendants.
      _____/

10

11                     **I. Procedural History and Plaintiff's Complaint**

12            On May 26, 2010, Plaintiff Arthur T. Bussiere ("Plaintiff"), a state prisoner proceeding pro

13    se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

14            In Plaintiff's complaint,[1] he states that in June 1995, he was arrested on sexual assault

15    charges in New Hampshire, but the district attorney did not prosecute him on the charges. Compl.

16    at 5, Doc. 1. In 1997, Plaintiff was sentenced to sixteen years to life on a second degree murder

17    charge in San Diego, California. *Id.* On August 10, 2001, Plaintiff arrived at Pleasant Valley State

18    Prison ("PVSP").[2] *Id.* Due to the prior arrest in 1995, Plaintiff was given a classification code "R",

19    which designates an inmate with a history of sex crimes. *Id.* Defendants Cano and six unknown

20    committee members refused to remove the "R" suffix, which Plaintiff contends is erroneously placed

21    in his file. *Id.* Defendants Cano and six unknown committee members released Plaintiff into the

22    general population knowing his safety would be threatened. *Id.* On November 21, 2009, Plaintiff's

23    cell mate assaulted him because of the "R" designation. *Id.* at 6. On January 3, 2010, Defendant

24    Lopez opened his cell door, alleging Plaintiff had a medical appointment, and at the same time

25    opened the cell door of another inmate who then assaulted Plaintiff. *Id.* Defendant Lopez

26

27    _____

      [1] The allegations in Plaintiff's complaint are relevant to explain the long procedural history in this case.

28    [2] Plaintiff is currently held at California Substance Abuse Treatment Facility in Corcoran, California.

subsequently witnessed another inmate assaulting Plaintiff again, later that same day. *Id.* On January

11, 2011, Plaintiff notified the Court of his willingness to proceed on his cognizable claims against

Defendant Cano and Six Doe Defendants[3] for Eighth Amendment deliberate indifference to safety

and against Defendant Lopez ("Defendant") for Eighth Amendment failure to protect. Docs. 13, 16.

On January 24, 2011, the Court issued a second informational order, advising Plaintiff that

Defendants may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative

remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt

v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's &

Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 19. On June 1, 2011,

Defendant Cano filed a motion to dismiss, alleging Plaintiff's 2003 claims[4] against Defendant Cano

were barred by the statute of limitations. Doc. 28. On November 7, 2011, Defendant Lopez filed a

Motion to Dismiss for failure to exhaust administrative remedies. Doc. 62. On December 2, 2011,

Plaintiff filed an Opposition to Defendant Lopez's motion to dismiss. Doc. 68. On December 13,

2011, Defendant Lopez filed a Reply to Plaintiff's opposition. Doc. 69. On January 9, 2012, Plaintiff

filed a Sur-Reply. Doc. 70. On February 9, 2012, Plaintiff filed a motion to amend his complaint,

regarding the 2003 claims against the Six Doe Defendants. Doc. 75. On February 10, 2012, the Court

adopted findings and recommendations and dismissed Plaintiff's 2003 claims against Defendant

Cano, as barred by the statute of limitations. Doc. 77. On March 5, 2012, the Court issued Findings

and Recommendations, recommending granting the remaining Defendant's motion to dismiss, for

failure to exhaust administrative remedies. Doc. 81. On March 23, 2012, Plaintiff filed Objections.

Doc. 84. On May 29, 2012, Plaintiff filed an Addendum to Objections. Doc. 90. On June 5, 2012,

Defendant Lopez filed a Motion to Strike Plaintiff's Addendum to Objections. Doc. 91. On June 11,

2012, Plaintiff filed a Second Addendum to Objections. Doc. 92. On June 18, 2012, Plaintiff filed

an Opposition to Defendant Lopez's Motion to Strike. Doc. 94.

---

[3] The six unknown committee members.

[4] In Defendant Cano's motion to dismiss, he clarified that on July 23, 2003, Plaintiff first appeared before Defendant Cano for a classification hearing. Def. Cano. Mot. Dismiss at 2 & Ex. A, Doc. 28. Therefore, Plaintiff's claims against Defendant Cano originated in 2003, not 2001, as Plaintiff alleged in his complaint. Pl. Compl. at 5, Doc. 1.

1

## II. *Woods v. Carey* and Contemporaneous Notice

On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for opposing a defendant's motion to dismiss should be issued contemporaneously when a defendant files a motion to dismiss, as opposed to a year or more in advance. *Woods v. Carey*, 2012 WL 2626912, at * 4 (9th Cir. Jul. 6, 2012). On January 24, 2011, this Court issued a second informational order, containing the notice and warning of requirements for opposing a defendant's motion to dismiss to Plaintiff. Doc. 19. On November 7, 2011, Defendant Lopez filed a motion to dismiss. Doc. 62. In order to address the time delay between providing notice and the filing of defendant's motion, the Court will issue this amended second informational order to Plaintiff, in accordance with *Woods.*

## III. Notice and Warning of Requirements for Opposing a Motion to Dismiss, for Failure to Exhaust Administrative Remedies, Pursuant to *Woods* and *Wyatt*

Pursuant to *Woods* and *Wyatt*, 315 F.3d at 1108, the Court hereby notifies Plaintiff of the following rights and requirements for opposing a motion to dismiss for failure to exhaust administrative remedies:

1. Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule 230(l).

2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss. Local Rule 230(l). <u>If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute.</u> The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. *Id.*

3. Defendants have filed a motion to dismiss for failure to exhaust the administrative remedies as to one or more claims in the complaint. The failure to exhaust the administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). In deciding a motion to dismiss for failure to exhaust, the Court will look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20 (quoting *Ritza*, 837 F.2d

at 368). If the Court concludes that Plaintiff has not exhausted the administrative remedies, the unexhausted claims must be dismissed and the Court will grant the motion to dismiss. *Wyatt*, 315 F.3d at 1120. If all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims. *Jones v. Bock*, 549 U.S. 199, 219-224 (2007).  A dismissal for failure to exhaust is without prejudice.  Wyatt, 315 F.3d at 1120.

　　　　If responding to Defendants' unenumerated 12(b) motion to dismiss for failure to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies. *See* Fed. R. Civ. P. 43(c); *Ritza*, 837 F.2d at 369. If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole or in part.

　　　　4.  Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

　　　　5.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.


IT IS SO ORDERED.

Dated:　　July 18, 2012

　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE