# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CANO, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:10-cv-00945-AWI-GBC (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE SUR-REPLY AND DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUR-REPLY<br><br>Docs. 105, 107 |

　　　　On May 26, 2010, Plaintiff Arthur T. Bussiere ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On November 7, 2011, Defendant Lopez filed a Motion to Dismiss for failure to exhaust administrative remedies. Doc. 62. On December 2, 2011, Plaintiff filed an Opposition to Defendant's motion to dismiss. Doc. 68. On December 13, 2011, Defendant filed a Reply to Plaintiff's opposition. Doc. 69. On January 9, 2012, Plaintiff filed a Sur-Reply. Doc. 70. On March 5, 2012, the Magistrate Judge issued Findings and Recommendations, recommending granting Defendant's motion to dismiss, for failure to exhaust administrative remedies. Doc. 81. On March 23, 2012, Plaintiff filed Objections. Doc. 84. On May 29, 2012, Plaintiff filed an Addendum to Objections. Doc. 90. On June 5, 2012, Defendant Lopez filed a Motion to Strike Plaintiff's Addendum to Objections. Doc. 91. On June 11, 2012, Plaintiff filed a Second Addendum to Objections. Doc. 92. On June 18, 2012, Plaintiff filed an Opposition to Defendant Lopez's Motion to Strike. Doc. 94. On July 18, 2012 and July 23, 2012, Plaintiff filed motions to supplement his objections / opposition. Docs. 97, 98.

　　　　On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for

1 opposing a defendant's motion to dismiss should be issued contemporaneously when a defendant
2 files a motion to dismiss, as opposed to a year or more in advance. *Woods v. Carey*, 684 F.3d 934,
3 936 (9th Cir. 2012). On July 18, 2012, the Court issued an amended second informational order to
4 Plaintiff, in accordance with *Woods*, and provided Plaintiff with twenty-one (21) days to stand on
5 his existing opposition or withdraw his opposition and file an amended opposition. Docs. 95, 96. On
6 August 2, 2012, Plaintiff filed an amended opposition to the motion to dismiss. Doc. 99. On August
7 27, 2012, Defendant filed a motion for extension of time to file an amended reply, nunc pro tunc.
8 Doc. 102. In Defendant's motion, counsel stated that the motion was not filed previously due to
9 clerical error. *Id.* Defendant requested an extension of time because Plaintiff's amended opposition
10 was one hundred and twenty-four (124) pages. *Id.* On September 24, 2012, the Court granted
11 Defendants' nunc pro tunc motion for extension of time to file an amended reply to Plaintiff's
12 amended opposition. Defendant's amended reply, filed September 10, 2012, was deemed timely.

13 On October 4, 2012, Plaintiff filed a motion to file a sur-reply contemporaneously with filing
14 a sur-reply. Docs. 105, 106. On October 8, 2012, Defendant filed a motion to strike Plaintiff's sur-
15 reply. Doc. 107. In Defendant's motion, he argues that the local rules does not provide for filing a
16 sur-reply. *Id.* However, since Defendant filed a motion for extension of time to file an amended reply
17 twenty-five (25) days after Plaintiff filed his amended opposition; since Defendant filed his amended
18 reply thirty-nine (39) days after Plaintiff filed his amended opposition; and since the Court granted
19 Defendant's motion for extension of time to file an amended reply nunc pro tunc, the Court will
20 GRANT Plaintiff's motion to file a sur-reply and DENY Defendant's motion to strike.

26 IT IS SO ORDERED.

27 Dated:   October 22, 2012

28                                                                 UNITED STATES MAGISTRATE JUDGE